Swartz Culleton Ferris, PLLC
500 Seventh Ave., 8th Fl.
New York, New York 10018
Attorney for Plaintiff
Brett E. Zuckerman, Esquire
Attorney ID No. 4942421
bzuckerman@scflawoffice.com

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **JAMES KEMP**<br><br>                    Plaintiff,<br><br>        v.<br><br>**AMERICAN WOODMARK CORP.**<br>        **and**<br>**AMERICAN WOODMARK SALES COMPANY f/k/a RSI HOME PRODUCTS MANAGEMENT, INC.**<br>        **and**<br>**THE HOME DEPOT, INC.**<br><br>                    Defendants. | Civil Action No.<br><br><br><br><br><br><br>**JURY TRIAL DEMANDED** |

<u>**CIVIL ACTION COMPLAINT**</u>

Now comes the Plaintiff, JAMES KEMP, by and through his attorneys, Swartz Culleton

Ferris, PLLC, and complaining against the Defendants, AMERICAN WOODMARK CORP.,

AMERICAN WOODMARK SALES COMPANY f/k/a RSI HOME PRODUCTS

MANAGEMENT, INC., and THE HOME DEPOT, INC., and states:

**I.        PARTIES**

1.      Plaintiff James Kemp is an adult individual and citizen of the State of New York, residing at 476 RT 16 S, Olean, NY 14760.

2.      Defendant, AMERICAN WOODMARK CORP., was and is now a business entity, believed to be a corporation, duly organized and existing under the laws of the Commonwealth of Virginia, with a principal place of business located at 561 Shady Elm Road, Winchester, Virginia 22602, and a registered agent for service of process located at Corporation Service Company, 100 Shockoe Slip, 2nd Floor, Richmond, Virginia 23219.

3.      Defendant, AMERICAN WOODMARK SALES COMPANY f/k/a RSI HOME PRODUCTS MANAGEMENT, INC., was and is now a business entity, believed to be a corporation, duly organized and existing under the laws of the State of Delaware, with a principal place of business located at 561 Shady Elm Road, Winchester, Virginia 22602, and a registered agent for service of process located at Corporation Service Company, 251 Little Falls Drive, Wilmington, DE 19808.

4.      Defendant, THE HOME DEPOT, INC., was and is now a business entity, believed to be a corporation, duly organized and existing under the laws of the State of Delaware, with a principal place of business located at 2455 Paces Ferry Road, Atlanta, GA 30339, and a registered agent for service of process located at CSC of Cobb County, Inc., 192 Anderson Street S.E., Suite 125, Marietta, GA 30060.

## II.      <u>JURISDICTION AND VENUE</u>

5.      Jurisdiction is conferred upon this Court by virtue of the parties' diversity of citizenship pursuant to 28 U.S.C. § 1332.

6.      The amount in controversy in this action is in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

7.      Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a substantial portion of the acts and/or omissions giving rise to the within claims occurred within this District and because Defendants are subject to personal jurisdiction within this District.

## III.    STATEMENT OF CLAIMS

8.      At all times relevant hereto, the Defendants acted by and through their agents, servants, employees, workmen, and/or other representatives, who were, in turn, acting within the course and scope of their employment, agency, and/or service for the same and under the direct control of the Defendants.

9.      At all times material herein, Defendants, by and through their officers, directors, agents, servants, workmen, employees, and/or other representatives, were regularly engaged in the business of designing, developing, manufacturing, apparently manufacturing, distributing, marketing, licensing, assembling, inspecting, packaging, labeling, providing safety recommendations and warnings for, and/or selling consumer cabinetry and related products and component parts, including the subject boxed 24-inch 3-drawer base cabinet and its cardboard box and other packaging materials (collectively, the "Subject Cabinet" and "Subject Packaging"), together with all associated instructions, manuals, labels, and warnings.

10.     At all times relevant hereto, Defendants designed, distributed, assembled, marketed, manufactured, apparently manufactured, packaged, labeled, supplied, and/or sold the subject boxed 24-inch 3-drawer base cabinet and its cardboard box and other packaging materials (collectively, the "Subject Cabinet" and "Subject Packaging"), including all associated instructions, manuals, labels, and warnings. See photograph(s) of the Subject Cabinet and/or Subject Packaging, attached hereto as Exhibit A.

11.     On or about June 14, 2024, Plaintiff, James Kemp, was lawfully working within the course and scope of his employment and was making a delivery to a residence in Bolivar, New York of a boxed 24-inch 3-drawer base cabinet (the "Subject Cabinet"), Item No. 1001 290 652 (as shown in Exhibit A), packaged in a cardboard box and/or other packaging materials (collectively, the "Subject Packaging"), when suddenly and without warning, and as a direct result of the defective and/or dangerous condition of the Subject Packaging and/or Subject Cabinet, the bottom of the cardboard box, a component of the Subject Packaging, failed, and the contents broke through while Plaintiff was lifting and/or handling the Subject Cabinet/Subject Packaging in a foreseeable manner, causing Plaintiff to fall and sustain various severe and permanent bodily injuries and losses as more fully set forth hereinafter.

## COUNT I
## PRODUCTS LIABILITY – STRICT LIABILITY

12.     Plaintiff hereby incorporates by reference all the foregoing paragraphs of the within Complaint as though the same were fully set forth at length herein.

13.     Defendants placed into the stream of commerce the Subject Cabinet and/or Subject Packaging in a defective condition that was not reasonably safe for its intended and foreseeable uses, and the defect was a proximate cause of Plaintiff's injuries.

14.     Defendants designed, manufactured, apparently manufactured, assembled, packaged, labeled, inspected, marketed, distributed, sold and/or supplied the Subject Cabinet and/or Subject Packaging, including all associated instructions, manuals, labels, and warnings, and such acts and/or omissions caused Plaintiff's accident and injuries.

15.     Plaintiff's accident described herein was caused solely and exclusively by Defendants' defective design, manufacture and/or apparent manufacture, assembly, packaging,

labeling, distribution, and/or sale of the Subject Cabinet and/or Subject Packaging and the component parts thereof, including, but not limited to:

 a. designing, manufacturing, and/or distributing the Subject Cabinet and/or the Subject Packaging such that it was prone to failure under normal use and/or foreseeable handling;

 b. failing to design and/or manufacture the Subject Cabinet and/or the Subject Packaging with durable component parts able to withstand normal use and/or foreseeable handling;

 c. failing to include in the plans, designs, and specifications for the Subject Cabinet and/or the Subject Packaging industry-recognized safety specifications;

 d. failing to ensure that the Subject Cabinet and/or the Subject Packaging and the component parts thereof could be used in a manner which would not cause a danger to end users, such as the Plaintiff;

 e. failing to warn of the dangers of the aforesaid Subject Cabinet and/or the Subject Packaging;

 f. failing to provide proper safety and operational instructions to end users; and

 g. Any other acts or omissions that may be revealed during discovery.

16. The accident described herein was due in no manner to negligence on the part of Plaintiff.

17. At all times relevant hereto, Defendants' aforesaid Subject Cabinet and/or the Subject Packaging and the component parts thereof were defective and unsafe for consumer use.

18. At all times relevant hereto, there were latent defects in the Defendants' aforesaid Subject Cabinet and/or the Subject Packaging and the component parts thereof such that the product's defective condition was unknown to the consumer, therefore rendering the product unacceptable for consumer use.

19.    Defendants distributed and sold the aforesaid Subject Cabinet and/or the Subject Packaging and the component parts thereof in a defective condition and those defects were the sole and proximate cause of the Plaintiff's injuries.

20.    Defendants are strictly liable to Plaintiff as a result of the defective condition of Defendants' product and/or the Subject Packaging.

21.    As a result of the aforementioned conduct of Defendants, Plaintiff, James Kemp, suffered severe and permanent injuries, including but not limited to: cervical radiculopathy; left shoulder partial rotator cuff tear and slap tear; partial supraspinatus tear; bicipital tendinitis of left shoulder; adhesive capsulitis; left hip femoral acetabular impingement/contusion; strain of muscle and tendon of back wall of thorax; numbness/tingling into his arm (sensory changes); pain in left hip; pain in left shoulder; localized edema; weakness; as well as aches, pains, mental anxiety and anguish, and a severe shock to his entire nervous system.

22.    As a result of the aforementioned conduct of Defendants, Plaintiff has in the past and will in the future undergo severe pain and suffering as a result of which he has been in the past and will in the future be unable to engage in his usual activities, all to his great detriment and loss.

23.    As a further result of the aforementioned conduct of Defendants, Plaintiff has been and will be obliged to receive and undergo medical attention and care and to expend various sums for the treatment of his injuries and incur such expenditures for an indefinite time in the future.

24.    As a further result of the aforesaid accident, Plaintiff has in the past and may in the future suffer a loss of his earnings and/or earning power, and he may incur such loss for an indefinite period in the future.

25. Further, by reason of the aforesaid occurrence, Plaintiff has incurred and/or may hereafter incur other financial expenses all in an effort to treat and cure himself of the injuries sustained in the aforesaid accident.

26. As a further result of the accident described herein, Plaintiff has or may have suffered injuries resulting in the serious and/or permanent loss of use of a bodily function, dismemberment, and/or scarring, which may be in full or in part cosmetic disfigurements which are or may be permanent, irreparable and severe.

27. As a further result of the aforesaid accident, Plaintiff has suffered a loss of the enjoyment of his usual duties, avocations, life's pleasures and activities, and the shortening of his life expectancy, all to his great detriment and loss.

28. As a further result of the aforesaid accident, Plaintiff has suffered great and unremitting physical pain, suffering, and mental anguish, all of which may continue in the future.

WHEREFORE, Plaintiff, JAMES KEMP, demands judgment against Defendants AMERICAN WOODMARK CORP., AMERICAN WOODMARK SALES COMPANY f/k/a RSI HOME PRODUCTS MANAGEMENT, INC., and THE HOME DEPOT, INC., in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), together with the costs and disbursements of this action and such other relief as the Court deems adequate, just and proper under the circumstances.

## COUNT II
## PRODUCTS LIABILITY – NEGLIGENCE

29. Plaintiff hereby incorporates by reference all the foregoing paragraphs of the within Complaint as though the same were fully set forth at length herein.

30. At all times material hereto, Defendants owed a duty to end users of their products, such as the Plaintiff, to exercise reasonable care in designing, manufacturing, and/or apparently

manufacturing the aforesaid products, and to sell/distribute such products in a reasonably safe condition.

31.    Defendants were negligent in designing, manufacturing, apparently manufacturing, assembling, packaging, labeling, marketing, distributing, and/or selling the Subject Cabinet and/or the Subject Packaging and the component parts thereof, which consisted of the following:

a. carelessly and negligently designing, manufacturing, packaging, distributing, and/or selling the Subject Cabinet and/or Subject Packaging such that it was prone to failure under normal use and/or foreseeable handling;

b. carelessly and negligently failing to select and/or utilize packaging materials and construction (including seams, adhesive, reinforcement, and/or bottom support) sufficient to withstand normal use and foreseeable handling;

c. carelessly and negligently failing to implement reasonable quality control, inspection, and/or testing procedures to ensure the Subject Cabinet and/or Subject Packaging could withstand foreseeable handling (including lifting and carrying) without failure;

d. carelessly and negligently failing to design, manufacture, package, and/or distribute the Subject Cabinet and/or Subject Packaging in accordance with industry-recognized safety standards and/or specifications applicable to packaging strength, integrity, and safe handling;

e. carelessly and negligently failing to ensure that the Subject Cabinet and/or Subject Packaging could be used and handled in a reasonably safe manner without creating an unreasonable risk of harm to end users such as Plaintiff;

f. carelessly and negligently failing to provide adequate warnings of the hazards associated with the Subject Cabinet and/or Subject Packaging, including the risk of package failure during foreseeable handling;

g. carelessly and negligently failing to provide adequate instructions for safe handling, lifting, carrying, and/or unpacking of the Subject Cabinet and/or Subject Packaging;

h. carelessly and negligently failing to exercise the requisite degree of care and caution in design, distribution, manufacture, packaging, labeling, assembling, supplying, and selling the Subject Cabinet and/or the Subject Packaging and the component parts thereof; and

i. Such other acts or omissions as may be revealed during discovery.

32.     The aforesaid negligence was the sole and proximate cause of Plaintiff's injuries, which were due in no manner to any negligence, wrongdoing, or product misuse on the part of the Plaintiff.

33.     As a result of the aforementioned negligence of the Defendants, Plaintiff, James Kemp, suffered the injuries described in paragraphs twenty-one (21) through twenty-eight (28) herein, which are incorporated by reference as though fully set forth at length.

WHEREFORE, Plaintiff, JAMES KEMP, demands judgment against Defendants AMERICAN WOODMARK CORP., AMERICAN WOODMARK SALES COMPANY f/k/a RSI HOME PRODUCTS MANAGEMENT, INC., and THE HOME DEPOT, INC., in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), together with the costs and disbursements of this action and such other relief as the Court deems adequate, just and proper under the circumstances.

### COUNT III
### BREACH OF WARRANTY

34.     Plaintiff hereby incorporates all the foregoing paragraphs of the within Complaint as though the same were fully set forth at length herein.

35.     By virtue of the manufacture, apparent manufacture, distribution and/or sale of the Subject Cabinet and/or the Subject Packaging and the component parts thereof for use by an end user and/or consumer, Defendants warranted to Plaintiff, as a foreseeable user, that the Subject Cabinet and/or Subject Packaging was safe, merchantable, and fit for its intended use.

36.     The Subject Cabinet and/or the Subject Packaging and the component parts thereof, in fact, were not safe, merchantable, or fit for the ordinary purposes for which they were intended to be used, in that they were defective and unreasonably dangerous, rendering them unsafe for the

intended and foreseeable uses for which they were designed. Plaintiff was a foreseeable user of the Subject Cabinet and/or Subject Packaging and could reasonably be expected to be injured thereby.

37.    As a result of the foregoing, Defendants are liable to Plaintiff for the breach of express and/or implied warranties, including the implied warranties of merchantability and fitness for a particular purpose, in that the Subject Cabinet and/or Subject Packaging was not merchantable or fit for its intended and foreseeable use.

38.    As a result of the aforementioned conduct of the Defendants, the Plaintiff suffered the injuries described in paragraphs twenty-one (21) through twenty-eight (28) herein, which are incorporated by reference as though fully set forth at length.

WHEREFORE, Plaintiff, JAMES KEMP, demands judgment against Defendants AMERICAN WOODMARK CORP., AMERICAN WOODMARK SALES COMPANY f/k/a RSI HOME PRODUCTS MANAGEMENT, INC., and THE HOME DEPOT, INC., in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), together with the costs and disbursements of this action and such other relief as the Court deems adequate, just and proper under the circumstances.

**<u>JURY DEMAND</u>**

Plaintiff hereby demands a trial by jury on all claims.

Respectfully submitted,

**Swartz Culleton Ferris, PLLC**

By: <u>/s/ Brett E. Zuckerman</u>
  Swartz Culleton Ferris, PLLC
  500 Seventh Ave., 8th Fl.
  New York, New York 10018
  Attorney for Plaintiff,
  Brett E. Zuckerman, Esquire
  Attorney ID No. 4942421
  *Office*: (212) 852-6070 x152
  *Fax*: (646) 860-9183

Date: March 27, 2026

# EXHIBIT A



24" W

1001 290 652
HAMPTON
NATURAL HICKORY
24 IN 3-DRAWER
BASE CABINET
24 IN W x 34.5 IN H x 24 IN D
(assembled dimensions)

Stained Furniture-Quality Finish is Durable
and Easy to Clean
Includes 3 Drawers for Convenient Storage
4-Sided Hardwood Drawer Boxes for Durability

LIMITED LIFETIME WARRANTY